**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Franklin Paul JEFFERS,**
**Defendant–Appellant.**

No. 00–30212.

D.C. No. CR–99–60086–1–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2001.

Decided April 30, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Detective Fields, with twenty-five years' experience and thousands of arrests, observed Jeffers, who fit the description of the suspect, in close proximity to the bank and within five minutes of the robbery. Detective Fields had investigated numerous thefts and the like in downtown Bend, and he observed that Jeffers was heading in the same direction in which the suspects of many of those crimes had fled. Finally, Detective Fields observed that there was a bulge in Jeffers' front pocket, which appeared to him to be a roll of paper money, and that Jeffers' T-shirt was partially un-

tucked in a manner that could have concealed a weapon. For these reasons, probable cause existed for Jeffers' arrest.[1]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See United States v. Jones, 84 F.3d 1206, 1210 (9th Cir.1996) (" 'Probable cause to arrest exists when there are reasonably trustworthy facts which, given the totality of the

circumstances, are sufficient to lead a prudent person to believe that the suspect is committing or has committed a crime.' " (quoting United States v. Arzate–Nunez, 18 F.3d 730, 735 (9th Cir.1994))). An officer's experience may be considered in determining probable cause. United States v. Arrellano-Rios, 799 F.2d 520, 523 (9th Cir.1986).